■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEAN ANDERSON, Appellant. [764 NYS2d 817] —Judgment, Supreme Court, New York County (Herbert Altman, J.), rendered March 14, 2002, convicting defendant, upon his plea of guilty, of burglary in the third degree, and sentencing him, as a second felony offender, to a term of 3 to 6 years, unanimously affirmed.

The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations, which are supported by the record (*see People v Prochilo*, 41 NY2d 759, 761 [1977]).

The victim's observations at the time her laptop computer was stolen, coupled with defendant's behavior and statements immediately prior to his arrest, provided enough circumstantial evidence linking defendant to the theft to establish probable cause, which does not require proof beyond a reasonable doubt (*see Brinegar v United States*, 338 US 160, 175 [1949]; *People v Bigelow*, 66 NY2d 417, 423 [1985]).

The totality of the circumstances supports the hearing court's finding that defendant's statements were voluntarily made (*see Arizona v Fulminante*, 499 US 279, 285-288 [1991]; *People v Anderson*, 42 NY2d 35, 38-39 [1977]). The court properly determined that the police did not make any promises to defendant to induce his confession, and that their use of deceptive statements did not render the statement inadmissible (*see People v Tarsia*, 50 NY2d 1, 11 [1980]; *People v Stokes*, 233 AD2d 194 [1996], *lv denied* 89 NY2d 1101 [1997]).

We perceive no basis for reducing the sentence. Concur— Nardelli, J.P., Mazzarelli, Andrias, Ellerin and Marlow, JJ.